IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD CASEY, | CIVIL ACTION |
| Petitioner, | |
| v. | NO. 02-2830 |
| THOMAS LAVAN, SUPERINTENDENT, et al., | |
| Respondents. | |

**ORDER**

AND NOW, this      day of          , 2003, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, IT IS HEREBY ORDERED that:

1. the Report and Recommendation is APPROVED and ADOPTED;

2. the Petition for Writ of Habeas Corpus is DENIED and DISMISSED; and

3. there is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
HERBERT J. HUTTON, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____
                               :
HOWARD CASEY,                  :   CIVIL ACTION
                               :
            Petitioner,        :
                               :
       v.                      :   NO. 02-2830
                               :
THOMAS LAVAN, SUPERINTENDENT,  :
et al.,                        :
                               :
            Respondents.       :
_____:
```

ARNOLD C. RAPOPORT
United States Magistrate Judge

**REPORT AND RECOMMENDATION**

Presently before the Court is a <u>pro se</u> Petition for Writ of Habeas Corpus filed by the Petitioner, Howard Casey ("Petitioner"), pursuant to 28 U.S.C. section 2254. The Petitioner is currently incarcerated in the State Correctional Institution at Dallas, Pennsylvania. For the reasons that follow, it is recommended that this Petition should be denied and dismissed without an evidentiary hearing.

**I.**     **PROCEDURAL HISTORY**.[1]

On January 19, 1993, Petitioner was arrested for shooting another man five times and killing him. Petitioner was found guilty after a bench trial on August 22 and 23, 1995,

---

[1] This information is taken from the Petition for Writ of Habeas Corpus and the Response thereto.

2

before the Honorable Jane Greenspan of the Court of Common Pleas of Philadelphia County, of murder in the third degree, possessing an instrument of crime ("PIC"), and violation of the Uniform Firearms Act ("VUFA").  The court sentenced Petitioner on October 26, 1995, to an aggregate sentence of thirteen and one-half to thirty years' imprisonment.  Petitioner's motion to modify his sentence was denied on October 31, 1995.

Petitioner filed a Notice of Appeal with the Superior Court of Pennsylvania ("Superior Court") on November 7, 1995. The Superior Court affirmed the judgment of sentence on November 13, 1996.  (Resp., Ex. A; (Commonwealth v. Casey, 688 A.2d 1225 (Pa. Super. 1996)(Judg. Ord.)) The Supreme Court of Pennsylvania denied allocatur on May 13, 1997.  See Commonwealth v. Casey, 694 A.2d 619 (Pa. 1997)(Table).

Petitioner filed a pro se petition for relief under the Post Conviction Relief Act ("PCRA") on January 14, 1997.  42 U.S.C. § 9541, et seq.  He was subsequently appointed counsel in that proceeding, and after reviewing the record, appointed counsel determined that there were no meritorious issues to pursue and filed a letter seeking to withdraw from the case pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. 1998). Thus, on December 31, 1997, Judge Greenspan ordered petitioner's

3

PCRA case dismissed.[2]  On January 20, 1998, petitioner filed a Notice of Appeal to the Superior Court, and on May 10, 1999, the Superior Court upheld Judge Greenspan's dismissal of petitioner's PCRA petition.  (Resp., Ex. B; Commonwealth v. Casey, 739 A.2d 583 (Pa. Super. 1999)(Mem. Op.).)  Petitioner did not file a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania.

Petitioner filed a second PCRA petition on October 18, 1999, which Judge Greenspan dismissed as untimely on November 5, 1999, and on November 22, 1999, petitioner filed a Notice of Appeal to the Superior Court.  The Superior Court affirmed the PCRA court's dismissal of the second PCRA petition as untimely on June 21, 2001.  (Resp., Ex. C; Commonwealth v. Casey, 779 A.2d 1214 (Pa. Super. 2001)(Mem. Op.).)  Petitioner filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania, and the Supreme Court denied allocatur on April 18, 2002.  See Commonwealth v. Casey, 797 A.2d 910 (Pa. 2002)(Table).

Petitioner, acting pro se, filed the instant Petition for Writ of Habeas Corpus on May 10, 2002, claiming the following reasons for relief: (1) an illegal sentence was imposed upon him because the lower court misapplied the Pennsylvania sentencing guidelines (Pet. at 9); (2) the lower court violated the ex post

---

[2] In the Response, Respondents list this date as January 13, 1998, but review of the Superior Court's opinions dated May 10, 1999 and June 21, 2001 cite this date as December 31, 1997.

facto clauses of the Pennsylvania and United States Constitutions (Id. at 9-10); (3) the lower court violated Petitioner's Fifth Amendment rights (Id. at 10); (4) the lower court miscalculated his sentence because it included Petitioner's juvenile misdemeanor record score (Id. at 10); (5) the lower court misapplied the law in effect at the time of sentencing (Id. at 10A); and (6) the lower court failed to merge the charged offenses at Petitioner's sentencing (Id. at 10B).  Respondents contend that Petitioner is not entitled to federal habeas review or relief and his Petition is time-barred.  The Honorable Herbert J. Hutton assigned this case to me for Report and Recommendation.

**II.        DISCUSSION**.

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244 to require that:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or

>    the expiration of the time for seeking such
>    review;
>
>    (B) the date on which the impediment to
>    filing an application created by state action
>    in violation of the Constitution or laws of
>    the United States is removed, if the
>    applicant was prevented from filing by such
>    State action;
>
>    (C) the date on which the constitutional
>    right asserted was initially recognized by
>    the Supreme Court, if the right has been
>    newly recognized by the Supreme Court and
>    made retroactively applicable to cases on
>    collateral review; or
>
>    (D) the date on which the factual predicate
>    of the claim or claims presented could have
>    been discovered through the exercise of due
>    diligence.

28 U.S.C. § 2244(d)(1). If direct review of a criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date to properly file a habeas action. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

There is an exception in the statute, however, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The United States Court of Appeals for the Third Circuit ("Third Circuit") has ruled that the limitations period is not statutorily tolled by an untimely PCRA petition.

See Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001). Although the Third Circuit has stated that a "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing," see Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998), the court has also adopted a "flexible approach" regarding the forms of state review that qualify for equitable tolling. Nara v. Frank, 264 F.3d 310, 315-316 (3d Cir. 2001) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, . . . the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). Prior to Artuz and Nara, however, the Third Circuit stated in dicta that a PCRA petition filed outside the state statutory time guidelines would not be properly filed. See Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999).[3] Further, in Carey v. Saffold, 122

---

[3] Despite the holding in Fahy, three District Court Judges within this district have relied on Nara, holding that the time during which an ultimately determined "untimely" PCRA petition is pending is tolled for purposes of the one-year AEDPA calculation. See Satterfield v. Johnson, 218 F. Supp.2d 715 (2002)(DuBois, J.); Pace v. Vaughn, No. 99-6568, 2002 WL 485689 (E.D. Pa. Mar. 29, 2002)(Giles, C.J.); Rosado v. Vaughn, No. 00-5808, 2001 WL 1667575, at *3 (E.D. Pa. Dec. 28, 2001)(Shapiro, J.); Cooper v. Vaughn, No. 00-6016, 2001 WL 1382493, at *3-*4 (E.D. Pa. Nov. 6, 2001)(Shapiro, J.).

S.Ct. 2134 (2002), the United States Supreme Court effectively overruled that portion of <u>Nara</u> which held petitions which are untimely under state rules may nonetheless be deemed "properly filed." <u>Id.</u>  Thus, in order to be deemed properly filed, an application for collateral review in state court must satisfy the state's timeliness requirements.  <u>Id.</u>

In this case, Petitioner's convictions became final on August 22, 1997, after expiration of the ninety day period within which he could seek discretionary review by the United States Supreme Court.[4]  <u>See</u> 42 Pa. C.S.A. § 9545(b)(3); <u>Morris v. Horn</u>, 187 F.3d 333, 337 n.1 (3d Cir. 1999).  Because Petitioner's convictions became final after enactment of the AEDPA, he had one year from the date his convictions became final, or until August 22, 1998, to file a timely federal petition for writ of habeas

---

Nonetheless, only the time that a properly filed collateral attack is actually under submission is excluded from the one year period under the AEDPA.  <u>See</u> <u>Swartz v. Meyers</u>, 204 F.3d 417, 424 (3d Cir. 2000)("[t]he period of limitations tolls during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision whether or not review is actually sought").

[4] 42 Pa. C.S.A. section 9545(b)(3) provides the following:

(b)     TIME FOR FILING PETITION –

   (3)     For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

<u>See</u> 42 Pa. C.S.A. § 9545(b)(3).

corpus.  However, Petitioner filed his first PCRA petition on July 14, 1997, a month before his date of final judgment, which tolled the statute of limitations period until June 9, 1999.[5]

From June 9, 1999 until October 18, 1999, the date Petitioner filed his second PCRA petition, one hundred thirty-one days in the statutory tolling period elapsed.  This second PCRA petition was dismissed as untimely on November 5, 1999, and review of this second petition ended April 18, 2002, when the Pennsylvania Supreme Court denied his petition for allocatur.  Because the second PCRA petition was dismissed as untimely, the period of time this petition was pending in the state court did not toll the AEDPA statute of limitations.  Thus, the limitations clock continued to run on October 18, 1999, with two hundred thirty-four days remaining for Petitioner to file a timely federal habeas petition, or until June 10, 2001.  Petitioner filed the instant Petition July 22, 2002, over one year too late.

One opportunity for relief from the time-bar may remain for Petitioner, however, because the statute of limitations in the AEDPA is subject to equitable tolling.  Robinson v. Johnson, No. 00-1979, 2002 WL 31546341, at *4 (3d Cir. Nov. 18, 2002)

---

[5] On May 10, 1999, the Pennsylvania Superior Court affirmed the decision of the PCRA court.  Petitioner then had another thirty days to file a petition for allowance of appeal with the Supreme Court of Pennsylvania, but he failed to do so.  See Pa.R.A.P. 1113.  Consequently, review of Petitioner's PCRA petition concluded on June 9, 1999.

(citing Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted)).  "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'"  Miller, 145 F.3d at 618 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir.)(en banc), cert. denied, 498 U.S. 826 (1990)).  The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.'  Mere excusable neglect is not sufficient."  Id. (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).  The United States Court of Appeals for the Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum.  Fahy, 240 F.3d at 244 (citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)(citations omitted)).

     Petitioner provides no reason for his delay in filing the instant Petition.  No equitable tolling is available when such unreasonable delay occurs.  Davis v. Varner, No. CIV.A.00-4349, 2001 WL 1417462, at *4-*5 (E.D. Pa. Nov. 8, 2001)(finding

no equitable tolling where petitioner claimed he was prevented from filing timely habeas petition due to riot at correctional facility resulting in destruction of personal property and court records, non-receipt of replacement copy of post-conviction petition, and housing in restrictive unit without access to law library or legal assistant from 1989 until 1992)(citing New Castle County, 111 F.3d at 1126 (finding no equitable tolling where petitioner waited months to file habeas petition after end of alleged tolling event) and Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999)(same)).

Therefore, I make the following:

### RECOMMENDATION

AND NOW, this          day of February, 2003, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 be DENIED and DISMISSED.  There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
ARNOLD C. RAPOPORT
United States Magistrate Judge